### UNITED STATES v. SULLIVAN.

(District Court, E. D. Pennsylvania. May 9, 1918.)

#### No. 90.

RECEIVING STOLEN GOODS ☞5—PERSONS LIABLE.

Under Act Feb. 13, 1913, c. 50, § 1, 37 Stat. 670 (Comp. St. 1916, § 8603), providing that whoever shall receive or have in his possession any goods or chattels moving as, or which are a part of, interstate or foreign shipment, knowing the same to have been stolen, shall be punished in any district in which the crime may be committed, having in possession stolen goods with the knowledge that they were stolen is a distinct offense, cognizable in the district where the goods were found in possession of the accused, and prosecution cannot be defeated because accused himself had stolen the goods.

Timothy Sullivan was convicted of violating Act Feb. 13, 1913, § 1, by having in his possession goods, knowing them to have been stolen while in interstate commerce. On motion for new trial. Motion denied.

T. Henry Walnut, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa.

William W. Lucas, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The defendant was indicted upon two counts under the provisions of Act Feb. 13, 1913, c. 50, § 1. The first count charges him with obtaining by fraud and deception from the freight station of the Pennsylvania Railroad in Philadelphia, known as the "Walnut Street wharf," with intent to convert to his own use, two bales of dress goods constituting an interstate shipment shipped by Hosen & Bernstein from Philadelphia, Pa., to the Euthopia Mills, in the state of New York. The second count charges him with receiving and having in his possession two bales of dress goods, knowing the same to have been stolen from the Walnut Street wharf, in the city of Philadelphia, Pa.; the goods constituting an interstate shipment by Hosen & Bernstein from Philadelphia to the Euthopia Mills, N. Y.

The defendant was employed as a shipping clerk at the Walnut Street wharf. There was evidence to identify goods found in his possession in Philadelphia with goods contained in six cases delivered at the Walnut Street wharf to be transported to New York, and to show that one case of the goods was shipped from the Walnut Street wharf on a false bill of lading to Burlington, N. J.; that the defendant obtained the case at Burlington, took out the contents, and reshipped them to Philadelphia by Adams Express, and that the goods were later found in his possession in Philadelphia. The court was of the opinion that there was not sufficient evidence to show that the defendant obtained the goods in Philadelphia, and directed a verdict of not guilty upon the first count, for want of evidence of facts showing jurisdiction. The case went to the jury with instructions that, if they were satisfied beyond a reasonable doubt from the evidence that the defendant had the goods in his possession in Philadelphia, knowing them to have been stolen while in interstate commerce, they should return a verdict of guilty.

The chief ground upon which it is urged that a conviction should not stand is based upon the contention by defendant's counsel that the evidence showed that the defendant was the thief who had stolen the goods upon their arrival at Burlington, and he should not be convicted of receiving and having in possession goods which he himself had stolen. Under a charge of receiving stolen goods, even if it be conceded for the purposes of the present case that it is necessary for the prosecution to show that the goods had been stolen by some other person, and that the defendant received them knowing them to have been stolen, and assuming that the rule applies to the offense under the act of Congress as to goods which had become a part of interstate commerce, yet there was ample evidence upon which the jury could find that some person not the defendant had stolen the goods at the Walnut Street wharf and caused their shipment to Burlington, and that the defendant produced the bill of lading in the name of J. Luz, and obtained the goods at that place, and had knowledge that they were stolen.

The act of Congress provides that:

"Whoever * * * shall * * * receive, or have in his possession any such goods or chattels [viz., any goods or chattels moving as, or which are a part of, or which constitute an interstate or foreign shipment of freight or express] knowing the same to have been stolen, * * * shall in each case be fined," etc., "and prosecutions therefor may be instituted in any district wherein the crime shall have been committed." Comp. St. 1916, § 8603.

Having in possession stolen goods with knowledge that they were stolen is thus made a distinct offense, cognizable in the district where the goods are found in the possession of the accused. The intention of Congress is to punish those who steal and carry away property which constitutes an interstate shipment, or those who receive it, or those who have it in their possession. The very nature of interstate commerce in which goods may pass through any number of districts from one boundary of the United States to the other is such that Congress evidently intended that having in possession such property with

guilty knowledge should subject the accused to prosecution in any district where the offense should be shown to have been committed, without regard to the fact that the defendant himself may have been the thief. I am of the opinion, therefore, that it is immaterial that the jury might have found from the evidence that the defendant himself stole the goods.

The motion for new trial is overruled.